## Durkos License

*William Allen Dill,* for appellant.

*Michael Halliday,* for Commonwealth.

McKAY, J., December 8, 1961.—This is an appeal from an order of the Secretary of Revenue suspending the operator's privilege of John A. Durkos. Defendant was arrested on June 29, 1961, for operating his Plymouth station wagon on the Shenango Valley Freeway when he had no Pennsylvania operator's license. He has resided in Pennsylvania since August 1960, and at the time of his arrest had a Pennsylvania license for his motor vehicle.

Prior to establishing his residence in Pennsylvania, he resided across the state line in Brookfield Township, Ohio, and at the time of his arrest had a valid Ohio operator's license.

For nine years defendant has operated two grocery stores, one on each side of the state line. He reports to work at 4:30 in the morning, works seven days a week until 9:00 p.m. He has driven automobiles since 1930, and has never been arrested for a traffic violation.

At the time he obtained his Pennsylvania license for his automobile in March 1961, he intended to apply for a driver's permit but became ill and was confined to the hospital three months, and had been working only two or three weeks at the time of his arrest. Immediately after he was arrested, he applied for a learner's permit and but for the suspension would now be a licensed driver.

He was properly prosecuted for failing to have an operator's license, since The Vehicle Code permits an Ohio resident to operate a vehicle in Pennsylvania on an out of state license for only 30 days after he estab-

lishes residence in Pennsylvania. For this he was fined $10 and costs.

On October 10, 1961, he received a notice that his operator's privileges would be suspended on October 17. The notice contained the customary question whether he desired a hearing before the department. He inserted an "x" in the block opposite that question, or at least attempted to do so. On receiving notice of his hearing, he contacted the office of the Secretary of Revenue by telephone and orally again asked for a hearing since the date of October 17 was approaching. Shortly thereafter, he again called the department and was advised that he could not have a hearing because he had checked the wrong block in the notice. He thereupon took this appeal.

We are satisfied that in view of defendant's long record of driving without traffic violations and the rigorous schedule of working hours which he maintains, the Secretary of Revenue would not have suspended his license under the circumstances if a hearing had been held. We also are of the opinion that while defendant may have failed to indicate his desire that a hearing be held in the method required by the department, he did give the department notice of his intention, and that its refusal to grant a hearing was not justified by the reason which it assigned.

Accordingly, it is our opinion that the fine and costs imposed by the statute are sufficient punishment for defendant's technical violation of The Vehicle Code under the circumstances, and that the appeal should be sustained.

### Order

Now, December 8, 1961, it is ordered that the appeal of defendant, John A. Durkos, is sustained and that the order of the Secretary of Revenue suspending his operating privileges is hereby revoked.